SEYFARTH SHAW LLP
Christian J. Rowley (SBN 187293)
crowley@seyfarth.com
Andrew M. McNaught (SBN 209093)
amcnaught@seyfarth.com
Cameron E. Van (336193)
cvan@seyfarth.com
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
KAISER FOUNDATION HOSPITALS and erroneously
named "KAISER PERMANENTE"

Kristi D. Rothschild
Julian Alwill
ROTHSCHILD & ALWILL, APC
27 West Anapamu Street, Suite 289
Santa Barbara, CA 93101
Tel: (805) 845-1190
Fax: (805) 456-0132
kristi@ralegal.com  julian@ralegal.com

Attorneys for Plaintiff
SARAH REYNOSA-JUAREZ

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARAH REYNOSA-JUAREZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>KAISER FOUNDATION HOSPITALS, KAISER PERMANENTE, and DOES 1 to 10, inclusive,<br><br>Defendant. | Case No. 2:20-cv-02052-MCE-KJN<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Date Action Filed: May 11, 2020 |

IT IS HEREBY STIPULATED by and between SARAH REYNOSA-JUAREZ ("Plaintiff") and

KAISER FOUNDATION HOSPITALS and erroneously named "KAISER PERMANENTE

1

("Defendants"), through their respective attorneys of record if such counsel has been retained, that a Protective Order ("Order") may be entered by the United States District Court, Eastern District as follows:

## 1. PURPOSES AND LIMITATIONS

a. The Parties recognize that preparation for the prosecution and defense of this litigation may require the discovery of certain information and documents that a Party or nonparty reasonably believes are subject to confidentiality limitations on disclosure under applicable laws, regulations and privacy rights. Disclosure of such information without reasonable restriction on its use may cause harm, damage, loss, embarrassment or disadvantage to the Producing Party or a nonparty. Accordingly, and pursuant to Federal Rule of Civil Procedure ("FRCP") 26(c) and other applicable laws and rules, the Parties sought, and the Court entered this Order to facilitate the orderly and efficient discovery of relevant information while adequately protecting material believed to be confidential and ensuring that protection is afforded only to material so entitled.

b. This Order is entered based on the representations and agreements of the Parties. Designating a document or information as Confidential Material does not mean that the document or information has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Nothing herein shall be construed or presented as a judicial determination that any document or material designated as Confidential Material is entitled to protection under FRCP 26(c) or otherwise until such time as the Court may rule on a specific document or issue.

## 2. DEFINITIONS

a. "Confidential Material" means any document, testimony or information that a Designating Party reasonably believes to be entitled to confidential treatment under FRCP 26(c)(1)(G) and that the Party designates as such in accordance with the provisions of this Order. Confidential Materials include, but are not limited to: (i) Protected Data and other information prohibited from disclosure by law; (ii) information that reveals trade secrets (as defined in the Uniform Trade Secrets Act); (iii) documents containing or constituting research and development; marketing or training information; information about distribution processes; product design; sales strategy; and/or technical, proprietary, commercial or financial information that the party has maintained as confidential; (iv)

70603197v.1

medical, disability and leave-related-information concerning any individual, protected health information ("PHI") or other private personal information, including but not limited to employment records; (v) personal identifying information; (vi) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (vii) private records of a person who is not a party to the case; (viii) names, financial information, insurance information and other private information regarding clients; (ix) information concerning competitors; and (x) all material, data and information obtained, derived or generated from Confidential Material, to the extent the same are not publicly available or otherwise subject to the exclusions herein. Information or documents that are available to the public are not Confidential Material and should generally not be designated as such.

     b.     "Protected Data" refers to any information that a party believes to be subject to federal or state data protection laws or other privacy obligations. Protected Materials constitutes highly sensitive materials requiring special protection. Examples of such data protection laws include, but are not limited to, The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and The Health Insurance Portability and Accountability Act ("HIPAA") and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information).

     c.     Consistent with FRCP 34, "document" or "documents" shall include documents or electronically stored information ("ESI") – including writings, drawings, graphs, charts, photographs, messages, sound recordings, images and other data or data compilations – stored in any medium.

     d.     "Testimony" means all depositions, declarations, affidavits or other pretrial testimony taken or used in this litigation.

     e.     "Information" means the content of documents or testimony, as well as any matter derived therefrom or based thereon.

     f.     "Copies" includes electronic images, duplicates, extracts, summaries, compilations or descriptions.

     g.     "Designating Party" or "Producing Party" means the Party or nonparty that produces and/or designates documents, testimony or information subject to this Order.

     h.     "Receiving Party" means the party that receives documents, testimony or information subject to this Order.

i. The term "disclose" and iterations thereof mean to produce, reveal, divulge, give or make available documents, testimony or information.

**3. SCOPE**

a. This Order shall govern all Confidential Material and all copies thereof, whether revealed in a document, testimony or other information.

b. This Order is subject to the Local Rules of this Court and the FRCP.

c. This Order shall take effect when entered and shall be binding upon all Parties and their counsel in this litigation; upon the Parties' employees, representatives, directors, officers, corporate parents, subsidiaries, affiliates and successors; upon all signatories to Attachment A and (as applicable) their employees, representatives, directors, officers, corporate parents, subsidiaries, affiliates and successors; and upon all others made subject to this Order by its terms.

d. If additional parties other than parents, subsidiaries or affiliates of current Parties are added to this litigation, their ability to receive Confidential Material will be subject to their being bound, by agreement or Court Order, to this Order.

e. Subject to the consent of the undersigned counsel, nonparties who so elect may avail themselves of, and agree to be bound by, the terms and conditions of this Order and thereby become a Producing Party for purposes of this Order.

f. The entry of this Order does not preclude any Party from seeking further order from this Court, including modification of this Order, or from objecting to discovery that the Party believes to be improper.

**4. DESIGNATIONS OF CONFIDENTIAL MATERIAL**

a. **Procedure for Documents**. A Designating Party may designate a document as Confidential Material by placing or affixing the words **"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER"** on the document and on all copies. Such markings shall be placed in a manner that will not interfere with the legibility of the document. Any copies made of Confidential Material shall also be appropriately marked.

b. **Written Pleadings, Motion Papers and Discovery Materials.** A Party may designate as Confidential Material portions of interrogatories and interrogatory answers, requests for admissions and the responses to such requests, requests for production of documents and things and responses to such requests, pleadings, motions, affidavits and briefs that quote, summarize or contain Confidential Material.

c. **Procedure for Other Confidential Material.** With respect to Confidential Material produced in some form other than as described above, including, without limitation, CDs, DVDs or other tangible items, the Producing Party must affix in a prominent place on the exterior of the media, if possible, and/or containers in which the information or items are stored the legend **"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER."**

d. **Redactions.** A Producing Party may redact information that the Producing Party claims is subject to attorney-client privilege, work product protection, a legal prohibition against disclosure or other applicable privilege or immunity. A Producing Party may also redact personal identifying information and other information that is non-responsive. The Producing Party shall preserve an un-redacted version of each redacted item. In addition to the foregoing, Protected Data shall be redacted from any public filing not filed under seal.

e. **Nonparty Productions.** With respect to documents or information produced by a nonparty, either the nonparty or a Party may designate the documents or information as Confidential Material pursuant to this Order. A Party so designating material produced by a nonparty shall notify all other Parties within 30 days of receipt of such documents or information that the same or portions thereof constitute or contain Confidential Material. Until the expiration of 30 days, such documents or information disclosed by any such nonparty shall be treated as Confidential Material under this Order.

f. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document, testimony or information as Confidential Material in this litigation or any other proceeding does not, standing alone, waive the right to subsequently so designate the document, testimony or information. The disclosure of Confidential Material without the proper designation (whether inadvertent or otherwise) shall be governed by paragraph 24 of this Order.

g. **Inspection of Materials Prior to Production.** In the event documents or information are made subject to inspection prior to their production, no marking of those materials need be made by the Producing Party at the time of that inspection. For purposes of such an inspection, all materials made available for the inspection shall be considered Confidential Material and subject to this Order at the time of the inspection. Thereafter, if any materials subject to that inspection are produced and the Producing Party wishes those materials to be considered Confidential Material under this Order, the Producing Party shall so designate them in accordance with the procedures set forth in this Order.

h. **Certification by Counsel or Party.** A Party's designation of Confidential Material is made pursuant to FRCP 26(g), and each Party and its counsel submits to the jurisdiction and authority of this Court concerning such designations and the enforcement of this Order.

## 5. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

a. **Timing of Challenges:** Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

b. **Meet and Confer:** The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective

Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

  **c.**   **Judicial Intervention**: If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

  The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level

of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

## 7. ACCESS TO AND USE OF PROTECTED MATERIAL

**a. Basic Principles.** A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**b. Disclosure of "CONFIDENTIAL" Information or Items:** Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

## 8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(h) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(i) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(j) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material — and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## 9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

(k) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in

connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(l) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(m) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11. <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12. MISCELLANEOUS

**a.** **Right to Further Relief:** Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

**b.** **Right to Assert Other Objections:** By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**c.** **Filing Protected Material:** Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

## 13. FINAL DISPOSITION

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As

used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

DATED: May 12, 2021

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
Christian J. Rowley
Andrew M. McNaught
Cameron Van

Attorneys for Defendant
KAISER FOUNDATION HOSPITALS and erroneously named "KAISER PERMANENTE"

DATED: May ___, 2021

ROTHSCHILD & ALWILL, APC

By: _____
Kristi D. Rothschild
Julian Alwill
Attorneys for Plaintiff
Sarah Reynosa-Juarez

**ORDER**

The court has reviewed the parties' resubmission of the stipulated protective order. (See ECF No. 21). This version of the protective order lists categories of information sought to be protected (see Section 2(a) above), and otherwise comports with the relevant authorities and the court's applicable local rule. See L.R. 141.1(c);[1] see also Phillips ex rel. Estates of Byrd v. Gen. Motors Corp., 307 F.3d 1206, 1210 (9th Cir. 2002) (requiring a showing of good cause for protective orders). Therefore, the court APPROVES the protective order subject to the following clarifications.

First, the court notes the parties' citations to certain local rules, which appear to be those of the Northern District of California. Any citations to those rules will be construed as citations to the local rules of the Eastern District of California. Second, this court's Local Rules indicate that once this action is closed, "unless otherwise ordered, the court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action." L.R. 141.1(f). Courts in the district generally do not agree to retain jurisdiction for disputes concerning protective orders after closure of the case. See, e.g., MD Helicopters, Inc. v. Aerometals, Inc., 2017 WL 495778 (E.D. Cal., Feb. 03, 2017). Thus, the court will not retain jurisdiction over this protective order once the case is closed.

Dated: May 17, 2021

reyn.2052

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court's Local Rules instruct the parties, when requesting a protective order, to include in their submission:
  (1) A description of the types of information eligible for protection under the order, with the description provided in general terms sufficient to reveal the nature of the information (e.g., customer list, formula for soda, diary of a troubled child);
  (2) A showing of particularized need for protection as to each category of information proposed to be covered by the order; and
  (3) A showing as to why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties.
Local Rule 141.1(c).

70603197v.1

# EXHIBIT A

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of _____ **[insert formal name of the case and the number and initials assigned to it by the court].** I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____